# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GERALD GRILLO**,

      Plaintiff,

      v.                        Case No. 04-C-949

**STATE OF WISCONSIN**
**(via JUDGE RAMON W. RAMIREZ) and**
**CHRISTOPHER F. SMITH,**

      Defendants.

## ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND FOR DISMISSAL OF THIS CASE

      Gerald Grillo ("Grillo"), proceeding *pro se*, filed a civil rights complaint against the defendants and a motion to proceed *in forma pauperis*. Before the court can allow the plaintiff to proceed *in forma pauperis*, the court is obligated to determine (1) that Grillo is unable to pay the filing fee and (2) that his case is not frivolous or malicious; does not fail to state a claim upon which relief may be granted; and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court finds that Grillo does not satisfy the second prong of the § 1915(e)(2), the case may be dismissed.

      Based on his petition to proceed *in forma pauperis*, Grillo's financial status is unclear. Grillo states that he is currently employed, but that he has not received income for several months. In addition, by checking the boxes on this court's *in forma pauperis* form,

Grillo indicated that he has received money from a "business, profession or other form of self-employment" and from "other sources." In answer to a follow-up question that asks about the specific source of money and the amount received, Grillo responded "Few $+¢---- food, in the math ---- from my mother." Moreover, in response to a question that asks petitioners to list the persons who are their dependents, their relationship to such persons, and how much the petitioner contributes to their dependent's support, Grillo did not include all of the information requested. He responded by stating "labours only, these days ---- to my mother." Based on the foregoing, Grillo has not presented the court with sufficient information to conclude that he is indigent.

In addition, it is clear that Grillo has not satisfied the second prong of § 1915(e)(2), which requires that the case is not frivolous or malicious; does not fail to state a claim upon which relief may be granted; and does not seek monetary relief against a defendant who is immune from such relief. Grillo's complaint appears to set forth two claims. First, Grillo takes issue with a competency examination ordered by the Waukesha County Circuit Court Judge Ralph M. Ramirez. In that regard, Grillo states:

> An Un-American, unjust, extremely one-sided arbitrary Head Exam, by way of a Forensic Psyhiatryist, whom does work w/Milwaukee Forensic Unit, Cty. Sheriffs Dep't. I believe. NO written ct. order existing!!! verbally in ct., "Forensic Unit," "in Milw.," "as an outpatient" to see if I understand couple charges lodged. Via C.F. Smith so-called Atty.-at-law—"law intern." listed as. That neglected transpired once C. Judge never asked anyone else of such lack of understanding, esp. myself—could of simplified matters, had he done so.

(Compl. at 3.).

Grillo also appears to claim that Attorney Christopher F. Smith ("Attorney Smith"), his former defense counsel, acted improperly. Grillo states that Smith, who is named as a co-defendant, used hearsay to support the need for a competency examination, falsely claimed there was a lack of communication with Grillo, and changed his mind regarding representation of Grillo. A transcript of the August 30, 2004 hearing during which Judge Ramirez ordered that Grillo undergo a competency examination and Attorney Smith moved to withdraw himself as Grillo's counsel provides further insight as to both of these claims and will be discussed where applicable.

Based on all of Grillo's submissions, the court believes that his complaint is not malicious. However, the court cannot reach the same conclusion in regard to whether the complaint is frivolous and whether the complaint fails to state a cause of action upon which relief may be granted. The preliminary inquiry in any civil rights action is whether the conduct complained of was committed by a person acting under color of state law and whether the conduct deprived the plaintiff of rights, privileges, or immunities secured by Constitution or law of the United States. *Coleman v. Frantz*, 754 F.2d 719, 722 (7th Cir. 1985); *Larsen v. City of Beloit*, 130 F.3d 1278, 1282 (7th Cir. 1997); *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000).

In the present case, Grillo appears to challenge the fact that Judge Ramirez did not issue a written competency evaluation order and did not consult him before requiring a competency evaluation. He does not state what federal right Judge Ramirez allegedly violated, and provides no authority for his position that competency orders must be in writing or that a defendant alleged to be incompetent should be consulted regarding his state of mind. Moreover, a review of the transcript at which Judge Ramirez ordered a

competency evaluation reveals that Grillo had ample opportunity to discuss his competency. In fact, Grillo repeatedly spoke out of turn throughout the hearing.

In addition, it is important that Judge Ramirez is not a named defendant. Rather, Grillo discusses Judge Ramirez's actions as the basis for his claim against the State of Wisconsin. This is problematic because Grillo fails to allege any connection between Judge Ramirez's competency examination order and the State of Wisconsin itself. Furthermore, a civil rights a cause of action under 42 U.S.C. § 1983 exists only against a "person" acting under color of law. The State of Wisconsin is not a "person" for purposes of § 1983. *Arsberry v. Illinois*, 244 F.3d 558, 561 (7th Cir. 2001)("The State of Illinois is not a person within the meaning of § 1983")*; Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999)("states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983."). Accordingly, Grillo has failed to state a claim upon which relief can be granted as to the State of Wisconsin.

The same is true in regard to Grillo's second claim, directed at Attorney Smith. From the transcript, it is clear that Attorney Smith withdrew as Grillo's counsel based on his belief that Grillo was not competent to stand trial. There is no indication that Attorney Smith's belief was asserted in bad faith, and there is no basis for Grillo's claim that Attorney Smith improperly used hearsay. In addition, Grillo's claim regarding his lack of communication with Attorney Smith misconstrues statements that Attorney Smith made at the hearing on his motion to withdraw. Attorney Smith expressed a lack of meaningful communication with Grillo and his belief that his relationship with Grillo prevented an effective defense. These comments do not mean that there was a lack of actual contact between Attorney Smith and Grillo. That erroneous interpretation of Attorney Smith's

statements appears to be the crux of Grillo's remaining allegation, as Grillo contends that he always attempted to keep in contact with Attorney Smith. Even assuming the merit of these allegations, Grillo's complaint would still fail to satisfy § 1915(e)(2) because Grillo does not discuss how Attorney Smith's actions deprived him of a federal right. Accordingly, and for all of the reasons discussed, the court will deny Grillo's motion to proceed *in forma pauperis* and dismiss this case.

**IT IS THEREFORE ORDERED** that Grillo's motion to proceed *in forma pauperis* is **denied.**

**IT IS THEREFORE ORDERED** that this case is **dismissed without prejudice.**

Dated at Milwaukee, Wisconsin, this 13th day of July, 2005.

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**